SLEZENGER *v.* LIQUOR CONTROL COMMISSION.

1. Intoxicating Liquors—Revocation of License—Review—Certiorari—Injunction.

Limitation of right to review liquor control commission's revocation of liquor licenses by certiorari was proper and precluded relief by way of injunction where questions as to constitutionality of statute, legality of revocation, and whether or not commission acted capriciously, fraudulently or illegally were determinable by certiorari (Act No. 8, §§ 5a, 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945).

2. Equity—Adequacy of Remedy at Law—Injunction.

Where the remedy by way of appeal in a legal proceeding is adequate, it will prevent injunctive relief.

Appeal from Macomb; Noe (Alton H.), J. Submitted April 10, 1946. (Docket No. 56, Calendar No. 43,296.) Decided June 3, 1946.

Bill by Peter Slezenger against Michigan Liquor Control Commission and others for injunction re-

straining defendants from picking up plaintiff's liquor license that defendants had revoked. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Wilbur DeYoung* and *Daniel P. O'Brien* (*Meyer Weisenfeld,* of counsel), for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Charles M. A. Martin* and *Ben H. Cole,* Assistants Attorney General, for defendants.

BUTZEL, C. J. Plaintiff, after a hearing before the Michigan liquor control commission followed by a revocation of his license, filed a bill in the circuit court for the county of Macomb in order to set aside the revocation. He claimed that the hearing was conducted in an arbitrary manner, that plaintiff was prevented from presenting a full and complete defense, that hearsay testimony was admitted at the hearing, and that the hearing was not limited to law and facts. Defendants filed a motion to dismiss based upon section 20 of the liquor control act * (Comp. Laws Supp. 1945, § 9209–35, Stat. Ann. 1945 Cum. Supp. § 18.991), which limits appeals from the final determination of the commission to certiorari. At the hearing it was conceded that the governor had not appointed a board of hearing examiners provided for in section 5a of the liquor control act (Comp. Laws Supp. 1945, § 9209–20a, Stat. Ann. 1945 Cum. Supp. § 18.975[1]). The trial judge held that he had no jurisdiction in the cause by reason of the statutory enactment limiting the review on appeal to certiorari. See section 20, *supra* (Comp. Laws Supp. 1945, § 9209–35, Stat.

---

* Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945.

Ann. 1945 Cum. Supp. § 18.991). Plaintiff appeals from the order dismissing the bill.

Plaintiff claims that notwithstanding the law that appeal shall be by certiorari, he could not be deprived of his right to secure an injunction in a court of equity. He claims that the law is unconstitutional if it deprives him of the right to enjoin the revocation of his alleged rights. All questions involving the constitutionality of the law as well as the legality of the revocation could properly have been raised in certiorari proceedings. There it could be determined whether plaintiff had a fair hearing and whether there was such showing of facts and law as to justify the commission in entering the order, and to show whether the commission acted capriciously, fraudulently or illegally. The legislature could properly limit the form of appeal to certiorari. *Board of Education of Grand Rapids v. State Tax Commission,* 291 Mich. 50. In *Kundinger* v. *City of Saginaw,* 59 Mich. 355, it was held that the right of general appeal from one tribunal to another is a statutory and not a constitutional right. The rule is so well stated in 28 Am. Jur. p. 242, that after examining the authorities that support such rule, we quote:

"Suits for injunction very often draw into controversy the validity and enforceability of orders and regulations of public utility bodies and commissions. In such cases, the question sometimes arises whether the existence of a remedy by judicial review of such orders or regulations will defeat the right to invoke the aid of a court of equity. If the remedy by appeal is adequate and complete, it will prevent injunctive relief. The rule has been applied to orders or decisions of public utility commissions relating to the equipment and operation or the fares of street cars. A remedy by appeal from an order of the Federal communications com-

mission will, where adequate, preclude injunction against actions of, or decisions by, the commission.''

We also call attention to the cases to like effect cited in 77 A. L. R. p. 629. An appeal in the nature of certiorari, as provided by law, gave plaintiff all to which he was entitled. He was not entitled to any equitable relief.

Having thus disposed of the main question in the case, we need not discuss the other question raised, as to whether plaintiff's license could be revoked without a finding by a board of hearing examiners, except to refer to *Case* v. *Liquor Control Commission, ante,* 632, relating to Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945.

The order of dismissal is affirmed, with costs to defendants.

CARR, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.