TIFT *v.* LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—REVOCATION OF LICENSES—TAVERNS—SPE-
CIALLY DESIGNATED MERCHANT—EVIDENCE—MINORS.

Evidence taken at hearing on revocation of licenses to operate
tavern and as a specially designated merchant *held,* to estab-
lish that licensee had sold beer to a minor, that minors had
consumed beer in his tavern, and that he had permitted minors
to loiter in his tavern, competent and material evidence sup-
porting order revoking his licenses (Act No. 8, Pub. Acts 1933
[Ex. Sess.], as amended).

2. SAME—REVOCATION OF LICENSE—CONDUCT OF HEARING BY ONE
COMMISSIONER.

One member of the liquor control commission, when designated
by the chairman of the commission, has the right, upon due
notice and proper hearing, to suspend or revoke any license
upon a violation of any of the provisions of the liquor act or
any rules and regulations adopted by the commission (Act
No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act
No. 133, Pub. Acts 1945).

3. SAME—REVOCATION OF LICENSE—APPEAL TO COMMISSION—QUORUM
FOR HEARING.

Hearing on appeal from order revoking license to operate tavern
and as specially designated merchant, held before two members
of the liquor control commission, consisting of three members,
was legal and proper in view of specific provision that a
quorum for the transaction of business shall consist of two
commissioners (1 Comp. Laws 1929, § 76, as amended by Act
No. 60, Pub. Acts 1939; Act No. 8, § 5, Pub. Acts 1933 [Ex.
Sess.], as amended by Act No. 133, Pub. Acts 1945).

4. SAME—DUE PROCESS—REVOCATION OF LICENSES—HEARING—LIQ-
UOR CONTROL COMMISSION—BOARD OF HEARING EXAMINERS.

Revocation of licenses to operate tavern and as specially desig-
nated merchant under the liquor act was not a denial of due
process of law where hearing upon the matter was conducted

by the liquor control commission itself after enactment of statute providing for, but before governor had made an appointment of, board of hearing examiners (Act No. 8, § 5a, Pub. Acts 1933 [Ex. Sess.], as added by Act No. 133, Pub. Acts 1945).

Appeal from Ingham; Hayden (Charles H.), J. Submitted June 12, 1946. (Docket No. 32, Calendar No. 43,310.) Decided June 28, 1946.

Certiorari by Harold H. Tift against Liquor Control Commission and its commissioners to review action in revoking plaintiff's license to sell beer and wine and his license as a specially designated merchant. Writ dismissed. Plaintiff reviews by appeal in the nature of certiorari. Affirmed.

*Beauchamp, Potter & Louisell,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Charles M. A. Martin, Ben H. Cole,* and *Daniel J. O'Hara,* Assistants Attorney General, for the defendant.

STARR, J. Prior to May 7, 1945, the Michigan liquor control commission had issued to plaintiff Tift a license to operate a tavern in Newaygo county and also a "specially designated merchant" license, which entitled him to sell beer and wine for consumption off the premises. A complaint was filed with the commission charging him with selling beer to minors and allowing minors to loiter in his tavern. This complaint was brought on for hearing before one member of the commission on May 7, 1945, and testimony was taken. At the conclusion of the hearing the commissioner found plaintiff guilty as charged and entered an order revoking both licenses held by him.

On appeal a hearing was held before two members of the commission on May 29, 1945, and plaintiff and his attorney were present. Testimony was taken and an order entered affirming the prior order which had revoked the licenses held by plaintiff. On his application writ of certiorari was issued by the circuit court of Ingham county to review the order of the commission. The trial court determined that there was competent and material evidence supporting the commission's order and that the hearings and proceedings which resulted in the revocation of plaintiff's licenses were legal and proper. An order was entered dismissing the writ, and plaintiff appeals.

It would serve no purpose to discuss the testimony given by a State police officer, two minor girls, and other witnesses, which clearly established that plaintiff had sold beer to a minor; that minors had consumed beer in his tavern; and that he had permitted minors to loiter in his tavern. Our review of the record convinces us that there was competent and material evidence supporting the order of the commission revoking plaintiff's licenses.

The hearing on May 7th was before one member of the commission, and plaintiff contends that one member could not lawfully conduct a hearing for the purpose of revoking his licenses. This contention is without merit, because Act No. 8, § 20, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–35, Stat. Ann. 1945 Cum. Supp. § 18.991), expressly provides that "any commissioner designated by the chairman shall, upon due notice and proper hearing, have the right and power to suspend or revoke any license upon a violation of any of the provisions of this act or any of the rules and regulations adopted by the commission hereunder."

The hearing on appeal on May 29th before two members of the commission was legal and proper under Act No. 8, § 5, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–20, Stat. Ann. 1945 Cum. Supp. § 18.975), which provides in part: "A quorum for the transaction of business shall consist of 2 commissioners." See, also, 1 Comp. Laws 1929, § 76, as amended by Act No. 60, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 76, Stat. Ann. 1945 Cum. Supp. § 2.212).

Plaintiff further contends that the order of the commission revoking his licenses was illegal and void because it was entered without compliance with Act No. 8, § 5a, Pub. Acts 1933 (Ex. Sess.), as added by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–20a, Stat. Ann. 1945 Cum. Supp. § 18.975 [1]), which provides in part:

"There is hereby created a board of hearing examiners to consist of 3 members to be appointed by the governor. * * * Such board of hearing examiners or any member thereof shall conduct hearings on questions referred to the board by the commission, under such rules and regulations as the commission may establish. * * * In all instances when a license is to be either suspended or revoked the commission shall cause a complaint to be filed with said board whereupon said board shall conduct a hearing limited to the facts and law and rules and regulations of the liquor control commission as specified in said complaint."

It appears that a board of hearing examiners had not been appointed as provided by the above statute. However, we held in *Case* v. *Liquor Control Commission*, 314 Mich. 632, that, prior to the appointment of such a board, the action of the commission in revoking a license was legal and proper. Therefore, we

hold that the commission had authority to revoke plaintiff's licenses. He was not denied due process of law. Other questions presented do not require determination.

The order of the trial court dismissing the writ of certiorari is affirmed, with costs to defendants.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.