SHINAVIER v. LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—REVOCATION OF LICENSES—HEARING—EVIDENCE.

Action of liquor control commission in revoking plaintiff's license issued under the liquor act, which action was taken after hearing, *held*, supported by sufficient competent testimony showing sale of liquor to minors and attempted bribery of commission's investigators (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

2. SAME—BOARD OF HEARING EXAMINERS—LIQUOR CONTROL COMMISSION.

Until the board of hearing examiners has been appointed under the liquor act, the liquor control commission has power to revoke licenses issued under the act (Act No. 8, § 5a, Pub. Acts 1933 [Ex. Sess.], as added by Act No. 133, Pub. Acts 1945).

3. SAME—REVOCATION OF LICENSES—DUE PROCESS—PREJUDICE.

Claim by licensee under liquor act that he was denied due process of law because of prejudicial remarks made by one of the members of the liquor control commission at hearing on revocation of license *held*, not substantiated under record presented (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

4. SAME—LIQUOR CONTROL COMMISSION—QUORUM.

Two members of the liquor control commission have authority to act as and for the commission under the liquor act (1 Comp. Laws 1929, § 76, as amended by Act No. 60, Pub. Acts 1939; Act No. 8, § 5, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945).

Appeal from Wayne; Chenot (James E.), J. Submitted June 12, 1946. (Docket No. 28, Calendar No. 43,346.) Decided June 28, 1946.

Certiorari by Leo Shinavier against Liquor Control Commission to review action in revoking plaintiff's license to sell at retail beer, wine and spirits for consumption on the premises. Certiorari denied. Plaintiff appeals. Affirmed.

*Buckingham, Piggins & Rehn,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Charles M. A. Martin, Ben H. Cole,* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

REID, J. Plaintiff petitioned the circuit court for a writ of certiorari to obtain a judicial determination that defendant Michigan liquor control commission erred in finding plaintiff guilty of serving and selling intoxicating liquors to minors. The order appealed from denied plaintiff the remedy sought by him. Plaintiff requests this Court to reverse the order of the circuit court dismissing plaintiff's petition, and that this Court set aside the proceedings held before defendant commission, respecting revocation of plaintiff's license.

One of the claims advanced by plaintiff is that the testimony on which the defendant commission found a violation by plaintiff was insufficient.

It would appear that commissioner Flynn had been designated to hear the complaint for revocation and the hearing before him is spoken of by counsel as the "initial" hearing, at which hearing Harold Arthur Paul was sworn as a witness and testified that his age at the time of the hearing was 19, and that in plaintiff's place of business, the Rendezvous, on August 10, 1945, he was drinking at the bar, and "the fellow with me purchased two bottles of beer and I drank a glass and we walked out."

Samuel R. Fisk, an investigator for defendant commission, testified that he was in plaintiff's place of business on Jefferson in Ecorse in the early morning of August 10, 1945, and saw "this minor (witness Paul) in there.   *   *   *   He was drinking a bottle of beer at the bar."

We consider that there was sufficient competent testimony to support commissioner Flynn's finding of a violation, and to support the action taken by the commission.

Plaintiff further claims that preceding any action by defendant commission, he was entitled to a hearing before a board of hearing examiners as provided by Act No. 8, § 5a, Pub. Acts 1933 (Ex. Sess.), as added by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–20a, Stat. Ann. 1945 Cum. Supp. § 18.975 [1]). The governor of the State, viewing the act just cited as of doubtful constitutionality or as in fact unconstitutional, had not appointed any such board of hearing examiners. Until the board was appointed, the commission retained its full power to act, as we decided in *Case* v. *Liquor Control Commission,* 314 Mich. 632.

Plaintiff further claims that he was deprived of due process of law because of prejudicial remarks made during the hearings by commissioner Flynn. To substantiate his claim of prejudice, plaintiff relies upon matters shown in the record as follows:

On the "initial" hearing, the hearing before commissioner Flynn, investigator Van Sickle testified as follows on examination by commissioner Flynn:

"*Q.* Investigator Van Sickle, is this the case about which you reported the incident to me a while ago, is this the case here?

"*A.* Yes, sir.

"*Q.* Tell us what there was to that.

"*A.* This is the case where the licensee, in an in-

direct way, through the clerk at the hotel, wanted to pay me off.

"*Q.*  Is this a hotel?

"*A.*   The licensee stays at   *   *   *   (a Detroit) hotel and he gave the clerk five $20 bills for me, I did not accept them.  I took it up with the manager and we got together with Mr. Shinavier and the clerk, and the money was returned to Mr. Shinavier.  It was given to the clerk by the licensee to give to me."

Plaintiff having appealed to the commission from the revocation by commissioner Flynn, the appeal came on to be heard before commissioners Flynn and Fry, the only commissioners present, which hearing or trial is spoken of as the "second" hearing, at which hearing the following occurred:

Commissioner Flynn, in his first statement in the record, said:

"Speaking for myself only, this is the very type of place we're going to clean up and we're not going to change our opinion when we decide the license should be revoked."

This statement was based on testimony already given before commissioner Flynn and the words "when we decide" indicate that the commissioner was still reserving judgment until the conclusion of the "second" hearing.  The further statement by commissioner Flynn later during the "second" hearing, "He isn't the type of man to be in the business," seems to indicate the final conclusion.  The record is silent as to what testimony, if any, had been given in the meantime.

At the time fixed for the hearing of the appeal, plaintiff appeared by counsel and stated that he would withdraw his appeal from the adverse ruling by commissioner Flynn, and plaintiff requested leave for time to sell his business, which request was re-

fused by the commission, and the order of revocation made by commissioner Flynn was left undisturbed.

Plaintiff further claims that the hearing on his appeal could only be conducted by the full commission of three commissioners, whereas only two commissioners were present and acted on the revocation of his license.

Section 5 of the act constituting the liquor control commission of the State of Michigan, Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937, and Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–20, Stat. Ann. 1945 Cum. Supp. § 18.975), provides in part:

"A quorum for the transaction of business shall consist of two commissioners."

See, also, 1 Comp. Laws 1929, § 76, subd. 3, as amended by Act No. 60, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 76, Stat. Ann. 1945 Cum. Supp. § 2.212, subd. 3), which is as follows:

"3. All words purporting to give a joint authority to three or more public officers or other persons, shall be construed as giving such authority to a majority of such officers or other persons, unless it shall be otherwise expressly declared in the law giving the authority."

The two commissioners had authority under the statute to act as and for the commission.

The order appealed from is affirmed. Costs to defendants.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred.