MARTIN *v.* LIQUOR CONTROL COMMISSION.

This case is controlled by *Case* v. *Liquor Control Commission,* 314 Mich. 632, and *Slezenger* v. *Liquor Control Commission,* 314 Mich. 644.

Appeal from Wayne; Murphy (George B.), J. Submitted July 19, 1946. (Docket No. 59, Calendar No. 43,424.) Decided September 11, 1946.

Bill by James F. Martin and another, copartners doing business as Penobscot Club Company, against Michigan Liquor Control Commission and others to have order of defendant commission declared unlawful and for an injunction. Motion to dismiss denied. On rehearing amended motion to dismiss granted. Plaintiffs appeal. Affirmed.

*Beauchamp, Potter & Louisell* and *P. J. M. Hally,* for plaintiffs.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Ben H. Cole, Daniel J. O'Hara, Charles M. A. Martin,* and *Percival R. Piper,* Assistants Attorney General, for defendant.

BUSHNELL, J.    Plaintiffs James F. Martin and June S. Hughey, copartners, own and operate the Penobscot Club in the city of Detroit, where they serve beer, wine and liquor for consumption on the premises, under a class "C" license. The commissioner of police of Detroit, on May 8, 1945, filed a complaint with the defendant, Michigan liquor control commission, charging plaintiffs with violation of the rules and regulations of the commission. After a citation issued against them, and a hearing conducted by the members of the commission, plaintiffs' license was suspended for a period of six months, effective June 25, 1945.

Plaintiffs filed a bill of complaint seeking injunctive relief. Following the issuance of an order to show cause the commission appeared specially and moved to dismiss plaintiffs' bill of complaint, on the ground that they had an adequate remedy at law by writ of certiorari. The circuit court of Wayne county denied defendants' motion to dismiss, whereupon the commission sought a rehearing and asked leave to amend its original motion to include the allegation that Act No. 8, § 5a, Pub. Acts 1933 (Ex. Sess.), as added by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–20a, Stat. Ann. 1945 Cum. Supp. § 18.975[1]), providing for a board of hearing examiners is unconstitutional. The court granted defendants' motion for rehearing, permitted

the amendment sought, and, after hearing arguments, filed a written opinion holding, in substance, that plaintiffs should have sought review by certiorari. An order was entered granting the motion to dismiss. From this order plaintiffs have appealed.

Plaintiffs' bill was based on the theory that the hearing conducted by the commissioners was in contravention of law, in that the requirements of Act No. 8, § 5a, Pub. Acts 1933 (Ex. Sess.), as added by Act No. 133, Pub. Acts 1945, were disregarded. They contended that they were entitled to a determination by a board of hearing examiners, as provided in the act. They also contended that the order entered suspending their license was "arbitrary, capricious, unlawful, unjust, in violation of law and in denial of due process of law."

The sole question raised on appeal is whether plaintiffs' bill of complaint states adequate grounds for equitable relief. We see no need to repeat the statements recently made in *Slezenger* v. *Liquor Control Commission,* 314 Mich. 644, which fully covers the situation here presented. That authority, and *Case* v. *Liquor Control Commission,* 314 Mich. 632, are controlling. The order from which plaintiffs have appealed is affirmed, with costs to defendants.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, and North, JJ., concurred. Starr, J., took no part in the decision of this case.