GLICKER v. MICHIGAN LIQUOR
CONTROL COMMISSION.

No. 5171.

District Court, E. D. Michigan, S. D.

Dec. 19, 1947.

Arnold F. Zeleznik, of Detroit, Mich., for plaintiff.

Eugene F. Black, Atty. Gen. of Michigan, and Charles M. A. Martin, Asst. Atty. Gen., for defendant.

LEDERLE, District Judge.

1. This action involves a petition filed in this court by Anna Glicker, a citizen of this

District, praying for the issuance of a writ of mandamus by this court to command the respondent, Michigan Liquor Control Commission, to re-issue to her a Class "C" license under Michigan state law to sell intoxicating liquors in Detroit, her license for the year commencing May 1, 1944, having been revoked by respondent commission on January 4, 1945, on a finding that she was guilty of the charge of selling liquor to minors, after a de novo hearing of her appeal from a thirty-day suspension of the license imposed on this charge after a hearing before one commissioner. This is an original petition, not ancillary to enforcement of any order, judgment or decree in a cause of action pending in this court, and names no individual defendant.

A motion to dismiss this petition was granted for failure to state a cause of action upon which this court could or should grant relief.

On appeal, this decision was reversed in Glicker v. Michigan Liquor Control Comm., 6 Cir., 1947, 160 F.2d 96, holding that the complaint stated a good cause of action and that this court has jurisdiction to hear and determine the action and grant the relief sought, and remanding the action for trial upon the allegations of the petition that the respondent commission had intentionally discriminated against the petitioner in unlawfully, illegally, fraudulently and wilfully revoking her license solely for political purposes to give her license to one Gillies, a political worker, with the thought of treating petitioner in a different manner then any other holder of such a license, in violation of the "equal protection of the laws" clause of the Fourteenth Amendment to the United States Constitution.

In addition to claiming improper motive in cancelling her license petitioner also contends that the revocation was legally defective in two particulars, namely, that only the three appointed members of the commission sat upon her appeal hearing and that it was necessary to constitute a quorum that two additional ex officio members should have been present, and, secondly, that upon such an appeal the commission's sole discretion was to modify or rescind the prior thirty-day suspension and that it was without discretion to cancel the license.

Both these legal conclusions are disputed by respondent.

Coupled with its denial that the revocation of petitioner's license was unlawful, fraudulent, or the result of any discrimination or ulterior motive, intentional or otherwise, respondent commission still contends that as a matter of law this action is fatally defective for a number of reasons, namely: that this court is without jurisdiction to issue an original writ of mandamus, or its modern equivalent under Federal Rules of Civil Procedure, Rule 81(b), 28 U.S.C.A. following section 723c, to compel action by state officers, for the same reasons upon which such a holding was based in Youngblood v. United States, 6 Cir., 1944, 141 F.2d 912, at page 914; that this action is against a state commission alone and not against any person whose personal compliance with a mandatory writ could be compelled or against whom any redress could be granted; that petitioner did not allege or prove that she had exhausted her state court remedies by appealing the commission's revocation through certiorari to the Michigan state court, as she had a right to do under M.S.A. 18.991, Comp.Laws Supp.1940, § 9209-35, wherein, as stated in Slezenger v. Michigan Liquor Control Comm., 1946, 314 Mich. 644, at page 646, 23 N.W.2d 243, "All questions * * * as [to] the legality of the revocation could properly have been raised in certiorari proceedings. There it could be determined whether plaintiff had a fair hearing and whether there were such showings of facts and law as to justify the commission in entering the order, and to show whether the commission acted capriciously, fraudulently or illegally"; also, that petitioner did not allege or prove that her state court remedies were inadequate; that petitioner did not allege or attempt to prove that she was innocent of the offense for the commission of which her license was revoked; that the commission's action in granting, denying, suspending, or revoking a liquor license is discretionary, and, therefore, not reviewable by mandamus. However, the appeal opinion and mandate in this case, reversing the granting of a motion to dismiss, established the law of this case, binding upon this court, that this court should hear the

proofs, and if they sustained the allegations of the petition, grant the relief sought. Accordingly, a trial on the merits was held.

2. At the time of the hearing of petitioner's appeal in January, 1945, the commission was composed of appointed Commissioners John P. Aaron, Felix H. H. Flynn and Theodore I. Fry, with Governor Harry F. Kelly and Secretary of State John Dignan as ex officio members. By amendment to the statute which became effective April 30, 1945, M.S.A. 18.975, Comp. Laws Supp.1945, § 9209-20, the provision for ex officio members was deleted; so, that, at the time of institution of this suit, the commission consisted only of said three appointed commissioners. The present commission is composed of appointed commissioners Owen J. Cleary, G. Mennen Williams and Felix H. H. Flynn. No individual member of the former or present commission has been named as a party to this action.

3. A transcript of proceedings before the commission in relation to petitioner's license was received in evidence. This discloses the following: In addition to two prior convictions for infractions of the state liquor law in the conduct of her bar business, in the fall of 1944 petitioner was charged with the offense of selling liquor to minors. A formal hearing was held thereon before Commissioner Flynn on November 21, 1944, at which petitioner was represented by her attorney, Edward F. Collins, and witnesses were examined for both sides. As a result of this hearing, Commissioner Flynn found petitioner guilty of her second offense of serving liquor to minors, and ordered her license suspended for 30 days, commencing December 4, 1944. On November 22, 1944, through attorney John B. Ambrose, petitioner gave notice of appeal to the full commission. On January 4, 1945, petitioner, attorney Ambrose and the witnesses appeared before Commissioners Aaron, Flynn and Fry. A de novo hearing was held, at which the witnesses again testified. To the record of intoxicating liquor having been served to the minors involved, two school girls aged 14 and 15, for a period of some five hours on the night of August 20 and the early morning of August 21, 1944, additional testimony was introduced which revealed a sordid tale of attempts thereafter by petitioner, and those acting for her with her knowledge and consent, to get these girls to testify that no liquor had been served to them at petitioner's bar. These ran the gamut from fictitious telephone calls to the girls' homes so that their parents would permit them to go out, picking up the girls on street corners, conspiratorial conferences in a garage and in automobiles, dictation to the girls of perjured affidavits, taking them before a notary for the administration of false oaths, back-door visits to petitioner's bar, supplying the girls with various articles of clothing, including a fur coat, and payment to the girls of various sums of money, with part of which they left home unknown to their parents and financed a trip to Chicago, to be met upon their return by a Detroit policewoman, who confiscated the clothing as evidence. The testimony offered by petitioner to rebut this showing was so replete with inconsistencies and contradictions that it tended to prove rather than disprove the showing. As a result of this hearing, the commissioners voted unanimously to cancel petitioner's license, which was done on that date, January 4, 1945.

4. This petition for mandamus was filed through petitioner's present attorney on August 23, 1945. Until this petition was filed, no objection was made by petitioner or any of the three attorneys who represented her as to the composition of either commission hearing body. No application for certiorari was made to the Michigan state courts.

5. In this mandamus action, petitioner has neither alleged in her petition, nor offered any testimony tending to show, that she was not guilty of the offense of selling liquor to minors, for which her license was cancelled. In fact, as pointed out by the appellate court, the petition contains an admission of guilt. See page 97 of 160 F.2d, wherein the appellate court states [6 Cir., 1947, 160 F.2d 97]: "The complaint alleges * * * that the license * * * was suspended * * * because appellant had sold liquor to minors in violation of the state law." Likewise, petitioner has advanced no claim that there was not substantial, competent testimony of her guilt

of the offense adduced at the commission hearings. Except for the transcript of commission proceedings received as an exhibit herein, this record is silent of any mention of petitioner's guilt or innocence of this offense. On this record, I find that petitioner was guilty of the offense of selling liquor to minors on August 20 and 21, 1944, which was her second offense of this type, that this was followed by attempts on her part to tamper with the witnesses, and that the commission finding of guilt and consequent revocation of the license are supported by substantial, competent testimony adduced at the commission hearing.

6. Petitioner's theory, upon which she based her contention that she had been intentionally discriminated against by the commission in violation of the Fourteenth Amendment, was that Commission Chairman Aaron, a Republican party worker and former Executive Secretary to the Republican Governor, desired to secure a liquor license for one Theodore Gillies, another Republican party worker; that after Aaron's appointment to the commission about January 1, 1945, in order to secure a license for Gillies, Aaron had petitioner's license revoked and turned over to Gillies. However, the testimony disproves these allegations.

Petitioner's license was cancelled on January 4, 1945, by unanimous vote of the three appointed commissioners following a full de novo hearing of the charge of selling liquor to minors, at which it was strikingly shown that petitioner was guilty of her second offense of selling liquor to minors, followed by attempts to tamper with the witnesses to the offense. At the time of cancellation of petitioner's license, there was no legal limit on the number of this type of Class "C" licenses which the commission could issue, although, as a matter of policy worked out between Detroit city officials and the commission, the number of such licenses was fixed and new licenses were only issued as others lapsed through cancellation, forfeiture, expiration, etc. A license was issued to Gillies in the latter part of April, 1945, at which time there were a number of lapsed licenses such as petitioner's, for which replacements

had not been issued, so that the number of existing licenses had not reached the quota fixed by the aforesaid policy. The Gillies' license was not a specific replacement for, nor re-issue of, petitioner's license, and had no relation thereto. Shortly after issue of the Gillies' license, the state statute was amended by 1945 Public Act No. 133 to limit the number of these licenses which the commission could issue. See M.S.A. 18.990(15), Comp.Laws Supp.1945, § 9209-34, subd. 15.

7. On July 17, 1945, a month before institution of this action, petitioner, through her present attorney, Arnold F. Zeleznik, filed a petition with the then-commissioners, Aaron, Fry and Flynn, outlining in brief the allegations of discrimination which ultimately appeared in her petition for mandamus herein, tendering the prescribed fee for a one year's renewal of a license, and requesting renewal of petitioner's license. No claim was made therein of any objection to the composition of either commission hearing body or that the commission lacked authority to increase a penalty upon a de novo appeal hearing. At a commission meeting held that day, July 17, 1945, by the full commission, which, under the April 30, 1945, amendment to M.S.A. 18.975, consisted of these three appointed commissioners without any ex officio members, the three commissioners unanimously voted to deny the petition and return the tender to petitioner, which was done. This tender was renewed at the trial of this action.

8. Petitioner did not allege in her petition, nor attempt to show, that other licenses like hers had not been cancelled or renewal thereof refused by the commission because the licensee had been guilty of selling liquor to minors, nor because the licensee had been guilty of a second offense of serving liquor to minors, followed by attempts to tamper with the testimony of witnesses to the offense. In fact, my analysis of liquor license revocations which have not been disturbed upon appeal to the Michigan Supreme Court indicates that there have been seven such cases, of which two were revoked for selling liquor to minors, namely, Shinavier v. Michigan

Liquor Control Comm., 1946, 315 Mich. 188, 23 N.W.2d 634, and Tift v. Michigan Liquor Control Comm., 1946, 315 Mich. 198, 23 N.W.2d 696.

9. Continuously throughout the 14 year existence of the commission, the number of applicants for licenses has always greatly exceeded the number of licenses issued, so that the commission has continuously rejected some applications.

10. The record indicates that petitioner had a fair hearing at the time her license was revoked, at which there was such showing of facts and law as to justify the commission in revoking her license. The commission did not act capriciously, fraudulently, with any discrimination or with any abuse of discretion, either in revoking her license or refusing to grant her a renewal upon demand.

## Conclusions of Law

■ 1. It having been decided by the Sixth Circuit Court of Appeals, in an intermediate appeal reversing the granting of a motion to dismiss, that the petition herein states a cause of action upon which relief could be granted by this court if the proofs sustain the allegations of the petition, such a holding is the established law of this case, binding upon this court. Glicker v. Michigan Liquor Control Comm., 6 Cir., 1947, 160 F.2d 96; Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., D.C.Mich. 1946, 67 F.Supp. 1000 affirmed in 165 F.2d 616, certiorari denied 68 S.Ct. 107.

■ 2. Petitioner correctly states that at the time her appeal was considered by the commission, the second paragraph of M.S.A. 18.991 provided in part: "The commission shall provide the procedure by which any licensee feeling aggrieved by any suspension or revocation * * * may have a hearing for the purpose of laying any facts or reasons before said commission why said suspension or revocation * * * should be modified or rescinded." However, with this must be read the sentence which immediately follows, namely, "Such right, however, shall not be interpreted by any court as curtailing, removing or annulling the right in said commission to so suspend or revoke licenses as hereby given it." The right to "so suspend or revoke licenses" is granted by the first paragraph of this section, which reads: "The commission shall have the right and power to suspend or revoke * * * any and all licenses upon a violation of any of the provisions of this act or any of the rules and regulations adopted by the commission hereunder." Serving liquor to minors being a violation of such act, M.S.A. 18.1004, Comp.Laws Supp.1940, § 9209-48, it follows that the right of a licensee to a de novo hearing on appeal to the full commission from a suspension did not curtail, remove or annul the right of the commission to revoke the license at such appeal hearing upon finding a violation of such act. Consequently, the increase of petitioner's penalty from suspension to revocation was not unlawful as beyond the power and authority of the commission.

■ 3. The statute organizing the commission, as it stood at the time of petitioner's appeal hearing in January, 1945, provided that the commission should consist of three appointed commissioners, and, as ex officio members, the governor and secretary of state, and that these latter two could delegate this function, and, further, that a quorum for the transaction of business consisted of two appointed commissioners and one of the ex officio members. M.S.A. 18.975, as amended by 1937 Public Act No. 281, Comp.Laws Supp.1940, § 9209-20. Although this section was amended on April 30, 1945, to omit the ex officio members from the commission and provide that a quorum would consist of two of the three appointed commissioners, the Attorney General of Michigan has pointed to no authority for a hearing and license revocation in January, 1945, by the three appointed commissioners without the attendance of one ex officio member, such as occurred here. As pointed out in Shinavier v. Michigan Liquor Control Comm., 1946, 315 Mich. 188, 23 N.W.2d 634, in considering whether a commission hearing is properly constituted, this section has to be read in the light of M.S.A. 2.212(3), Comp.Laws Supp.1940, § 76, subd. 3, which provides: "All words purporting to give a joint au-

thority to three or more public officers or other persons, shall be construed as giving such authority to a majority of such officers or other persons, unless it shall be otherwise expressly declared in the law giving the authority."

It having been "otherwise expressly declared in the law giving the authority," namely, that at least one ex officio member and two appointed commissioners were necessary to constitute a quorum, such provision was mandatory, and a hearing held in January, 1945, without the attendance of any ex officio member was not properly constituted, even though three appointed members were present. Hill v. Town, 1912, 172 Mich. 508, 509, 138 N.W. 334, 42 L.R. A.,N.S., 799.

This trial has not detracted from the admission of guilt contained in the petition, recognized by the appellate court in the following language appearing on page 97 of 160 F.2d, thus: "The complaint alleges * * * that the license * * * was suspended * * * because appellant had sold liquor to minors in violation of the state law." The majority decision on appeal was to the effect that the petition stated a good cause of action upon which this court could grant the relief sought, and such a holding is the established law of this case, binding upon this court.

■ However, the trial developed one set of facts that did not appear in the petition considered by the appellate court, namely, that petitioner, represented by counsel, voluntarily participated in two administrative hearings, one before one appointed commissioner and another before three appointed commissioners, without the presence of an ex officio member, at each of which hearings both sides introduced witnesses and requested favorable decision by the hearing body, and neither petitioner nor any of the three attorneys who have represented her made any objection to the membership of the hearing body until this suit was instituted seven months after the commission had revoked her license and four months after the law was amended to provide that one less appointed commissioner than heard her appeal was necessary for a quorum, and, then, the objection is a qualified one, namely, that the hearing by

three commissioners, who increased the penalty to revocation from a thirty-day suspension imposed by one commissioner, was not properly constituted and that at the appeal hearing the commission could only modify or rescind but not increase the penalty imposed by one commissioner. This, in effect, adopts the action of one commissioner, but repudiates as lacking a quorum the decision by three commissioners. A timely objection by petitioner would have permitted the attendance of an ex officio member within a few minutes.

Furthermore, it does not appear that membership of the commission hearing body at petitioner's appeal hearing was different than other like hearings, nor that petitioner is innocent of the charge considered by the three commissioners, nor that she suffered any prejudice thereby.

It would make a mockery of justice to hold that this admittedly guilty petitioner, who stood by and without objection, participated through counsel in the commission hearings, with the hope that her guilt would not be proven to the commission or that the commission would impose a light penalty, and, after the testimony showed her guilty of palpable misconduct and she was given the severe penalty which her misconduct warranted, could wait seven months before raising this technical objection for the first time in this court, and then receive the aid of this court. By her conduct, petitioner waived this technical objection, and is now estopped to press it in this court. See Prujansky v. Michigan Liquor Control Comm., 1946, 315 Mich. 193, 23 N.W.2d 636.

■ This holding seems particularly appropriate in view of my opinion that, should relief be granted petitioner based on this objection, at most it would require re-submission of the charge to a properly constituted commission, which at present could be composed of one less commissioner than heard the appeal of which petitioner complains. See Shinavier v. Michigan Liquor Control Comm., 1946, 315 Mich. 188, 23 N.W.2d 634, and Tift v. Michigan Liquor Control Comm., 1946, 315 Mich. 198, 23 N. W.2d 696. Of interest also in this regard is Case v. Michigan Liquor Control Comm., 1946, 314 Mich. 632, 633, 23 N.W.

2d 109, which, in holding that the commission may revoke one year's license because of reasons occurring prior to that year, points out that good moral character in licensees is of paramount importance in determining whether or not the privilege of engaging in the liquor business should be continued.

4. Where, as here, it appears that a license to sell liquor in accordance with state law has been revoked by a state liquor control commission and a renewal thereof refused because the licensee was guilty of selling liquor to minors in violation of state law, followed by attempts of the licensee to tamper with the testimony of witnesses to the offense, and that such revocation and refusal to renew were made within the power and authority of the commission after this misconduct of the licensee was proven by substantial, competent evidence adduced at a fair hearing, at which the licensee was represented by counsel of her own choice, and it further appears that the commission did not act capriciously, fraudulently, wilfully, with any abuse of discretion or with any discrimination, or attempt in any improper way or for any ulterior purpose to treat licensee differently than any other violator, and, further, that the licensee's technical objection to membership of the hearing board which ordered the revocation was waived by failure to make timely objection, the revocation and refusal to renew were legal, proper and not in violation of the "equal protection of the laws" clause of the Fourteenth Amendment to the United States Constitution.

5. It therefore follows that the licensee's petition for relief in the nature of a writ of mandamus directing the respondent commission to renew her license must be dismissed upon the merits and the relief therein prayed for denied, and such judgment is being entered simultaneously herewith.

### Judgment.

In accordance with the foregoing findings of fact and conclusions of law, it is hereby ordered and adjudged that the petition herein is dismissed upon the merits and the relief therein prayed for denied.