NORMAN *v.* BOARD OF EXAMINERS OF BARBERS.

1. INJUNCTION—ADMINISTRATIVE HEARING—PLEADING.

Bill to enjoin barber licensing board from holding a hearing as to suspension or revocation of plaintiffs' licenses as barbers for alleged violations failed to state a cause of action for injunctive relief, where bill was based upon fear and apprehension as to what may happen if the proposed hearing is held (CL 1948, § 338.615).

2. COSTS—PUBLIC QUESTION—INJUNCTION—BARBER LICENSES.

No costs are allowed in suit to enjoin State barber licensing board from holding a hearing as to alleged violations by plaintiffs, a public question being involved (CL 1948, § 338-.615).

Appeal from Genesee; McGregor (Louis D.), J. Submitted April 11, 1961. (Docket No. 57, Calendar No. 48,932.) Decided September 23, 1961.

Bill by Charles Norman, John Lusty, and Alton Currell against State of Michigan, Board of Examiners of Barbers and its members to enjoin hearing and proceedings relative to suspension or revocation of licenses. Motion to dismiss denied. Defendant board appeals. Reversed and bill dismissed.

*McTaggart & McTaggart,* for plaintiffs.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Myron A. McMillan,* Assistant Attorney General, for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur, Injunctions § 29.
[2] 14 Am Jur, Costs § 91.

KELLY, J. The Michigan board of examiners of barbers notified plaintiffs to appear at a hearing in Detroit to show cause why their licenses should not be suspended or revoked. Instead of responding to such notice, plaintiffs successfully appealed to the Genesee county circuit court for an injunction restraining defendant board from conducting the hearing.

It was appellants' contention before the circuit court on hearing of their motion to dismiss and, also, in this appeal, that the bill of complaint did not state a cause for injunctive relief and that plaintiffs had an adequate remedy at law, namely, certiorari for judicial review of the hearing.

Plaintiffs' bill of complaint alleged that the hearing was an effort to compel them to join a local barbers' association; that a complainant who was a State barber inspector stated to one of the plaintiffs, "I'll just tell you the truth, Charlie, we are in this time to get you"; that the board had stated that only witnesses who were present at the time of the alleged violations would be allowed to testify; that the provisions of the act (CL 1948, § 338.615 [Stat Ann 1957 Rev § 18.106]) providing that plaintiffs have no right to reissuance of a revoked license for a period of 90 days "renders said statute unconstitutional in its entirety"; that conducting a hearing in Detroit, 70 miles from Flint, would require plaintiffs to expend large sums of money to defend themselves.

Plaintiffs' bill of complaint is based on fear and apprehension as to what may happen if the proposed hearing before the board is held, as evidenced by the following from paragraph 14 of the bill of complaint:

"Plaintiffs are fearful that unless this honorable court temporarily restrains said board from con-

ducting said hearing and from revocation or suspension of plaintiffs' licenses, that plaintiffs will be deprived of their rights and properties without due process of law and in violation of their constitutional rights to continue their trade of barbering."

The trial court erred in denying defendants' motion to dismiss and in holding that the bill of complaint stated a cause for injunctive relief. See *Slezenger* v. *Liquor Control Commission,* 314 Mich 644; also, 73 CJS, Public Administrative Bodies and Procedure, § 45, p 363.

The constitutional question was not determined by the trial court. Defendants did not raise the question in their application for leave to appeal. The question will not be determined by this Court on this appeal.

The order of the trial court is reversed and the bill of complaint dismissed. No costs, a public question being involved.

Dethmers, C. J., and Carr, Talbot Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.