### HARDY v STATE PERSONNEL DIRECTOR

1. ADMINISTRATIVE LAW—CIRCUIT COURT—REMAND—CIVIL SERVICE
   COMMISSION—HEARING—DECLARATORY JUDGMENT—INJUNCTION
   —EXHAUSTION OF REMEDIES—CONSTITUTIONAL LAW.

   Circuit court correctly remanded a case for an administrative
   hearing and entered its opinion pursuant to its review powers
   where plaintiff, an employee of the Michigan Department of
   Civil Service, sought a declaratory judgment and a permanent
   injunction against a job transfer which he contended was
   unconstitutional, illegal and amounted to a demotion without
   just cause; plaintiff has not persuaded the Michigan Supreme
   Court that he came within an exception to the exhaustion of
   administrative remedies doctrine, his "constitutional" challenge
   to his transfer was not of the type that warranted immediate
   court review, he did not challenge the basic constitutionality of
   the Civil Service Commission's authority, rather he primarily
   raised a fact question that was within the competency of the
   agency to determine in the first instance and the rights of
   plaintiff were adequately safeguarded by court review after the
   administrative fact-finding.

2. ADMINISTRATIVE LAW—CIRCUIT COURT—CIVIL SERVICE COMMISSION
   —DECLARATORY JUDGMENT—INJUNCTION—STAY.

   Plaintiff, an employee of the Michigan Department of Civil Ser-
   vice who sought a declaratory judgment and a permanent
   injunction against a job transfer, did not set forth sufficient
   evidence of prejudgment on the part of the Civil Service Com-
   mission to allow him to immediately proceed to circuit court
   and the fact that the Commission would not stay his transfer
   does not indicate that it already reached a decision on the
   merits of his case.

* Continued from Volume 391 Mich.

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 15 Am Jur 2d, Civil Service §§ 33, 36, 41, 47.

3. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—DEMOTION.

Under the rules of the Michigan Civil Service Commission, an employee is demoted when he is transferred to a position that carries a lower classification level than the position from which the employee was transferred.

4. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION RULES—CONSTRUCTION—CLASSIFICATION LEVEL.

The phrase "at a lower classification level", which appears in a civil service rule providing that "[a] demotion is defined as a transfer of a status employee from a position which he occupies in one class to a position in another class at a lower classification level", should be read to modify "position" rather than "employee" (Rules of the Michigan Civil Service Commission, § 27.1).

5. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—STATE PERSONNEL DIRECTOR—RULES.

The Civil Service Commission and the State Personnel Director are in the first instance bound to follow their own rules.

6. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—HEARING OFFICER—STATE PERSONNEL DIRECTOR—CLASSIFICATION LEVEL—CONSTITUTIONAL LAW.

Hearing officer erroneously reduced the scope of his own fact-finding authority by basing his conclusion on the premise that the State Personnel Director had the authority to determine the classification level of a position; in the first instance the State Personnel Director does have such authority however, the final authority to classify a position is vested in the Civil Service Commission under the Michigan Constitution (Const 1963, art 11, § 5).

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and Bronson, JJ., denying application for leave to appeal from Ingham, Ray C. Hotchkiss, J. Submitted January 10, 1974. (No. 15 January Term 1974, Docket No. 54,760.) Decided June 25, 1974.

Complaint by Otis Hardy against the State Personnel Director and others for a declaratory judgment and a permanent injunction against a job transfer. Remanded to the Department of Civil

Service for a hearing on plaintiff's claim that his transfer constituted a demotion. Transfer upheld. Affirmed by circuit court. Application for delayed appeal denied by the Court of Appeals. Defendant appeals. Remanded to circuit court for further proceedings.

*Anderson, Carr, Street & Hornbach,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Solomon Bienefeld,* Assistant Attorney General, and *MacLean, Seaman, Laing & Guilford* (by *Terry R. Black),* for defendants.

Amicus Curiae: *Fraser, Trebilcock, Davis & Foster* (by *Michael A. Cavanaugh),* for Michigan State Employees Association.

SWAINSON, J. Plaintiff, Otis Hardy, is an employee of the Michigan Department of Civil Service and is currently classified as a Personnel Administrator 18. Defendant, Sidney Singer, was at the time of the commencement of the action, the State Personnel Director, and the other defendants are present or past members of the Michigan Civil Service Commission.

Prior to this litigation Hardy held the title of Director of Communications and Recruitment, a civil service level 18 position. On May 26, 1972, he was informed by Singer that he would be assigned to a new position with the title of Coordinator of Manpower Planning and Employee Benefits which Singer established at an 18 level. Singer cited as reasons for the transfer incompatibility and a difference in philosophy concerning the operation of the civil service system between himself and Hardy.

In Hardy's opinion the transfer was in reality a demotion without cause. He viewed the new position as lower in status and responsibility than that of Director of Communications and Recruitment and also disputed Singer's classification of the new position at level 18.

When notified of the transfer, Hardy requested members of the Civil Service Commission to intervene and prevent the transfer until he and his attorney had had an opportunity to meet with the Commission.

The Civil Service Commission refused this request and instead advised Hardy on June 5, 1972, that:

" 'If Mr. Hardy feels aggrieved by the change, he knows that he is entitled to a hearing. He has been informed that since he may feel aggrieved by the action of the State Personnel Director, a special appeals procedure could be devised for the orderly and equitable resolution of such a grievance. He also knows that under the appeals procedure currently in effect, he may choose to go to outside arbitration.

" 'Until available appeals procedures have been utilized and exhausted, the Commission considers it inappropriate to take action.' "

On June 6, 1972, Hardy filed a complaint in Ingham County Circuit Court asking for declaratory judgment and a permanent injunction against the transfer which he contended was unconstitutional, illegal and amounted to a demotion without just cause. The circuit court issued a temporary restraining order and an order to show cause. Defendants filed a motion for summary judgment alleging among other things that plaintiff had failed to exhaust his administrative remedies. At the hearing on the order to show cause and on the motion for summary judgment the court issued a

temporary injunction to be effective during the pendency of the case in circuit court, prohibiting the transfer and reassignment. The circuit court retained full jurisdiction of the cause, but remanded the case to the Department of Civil Service for a hearing on Hardy's claim that his transfer constituted a demotion.[1] The circuit court ordered that at the conclusion of the hearing the matter was to be brought back to that court for "review * * * in accordance with law"; and, "final disposition by this Court of the issues herein". The trial court's order did not specifically rule on the motion for summary judgment.

The Department of Civil Service appointed Dr. William Haber as hearing officer.[2] The hearing

---

[1] Although appellant contends that it was not necessary for him to exhaust administrative remedies prior to commencing a circuit court action, we believe that the circuit court correctly remanded the case for an administrative hearing and entered its opinion pursuant to its review powers. *Viculin v Department of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971).

Appellant has not persuaded us that he came within an exception to the exhaustion doctrine. His "constitutional" challenge to his transfer was not of the type that warranted immediate court review. Appellant did not challenge the basic constitutionality of the Commission's authority. Rather he primarily raised a fact question that was within the competency of the agency to determine in the first instance. The rights of appellant were adequately safeguarded by court review after the administrative fact-finding. *See generally,* Crampton and Holmes, Ed., *The New Michigan Administrative Procedures Act Course Handbook,* 172–177 (1970); Crampton, Roger C., *The Doctrine of Exhaustion of Administrative Remedies in Michigan,* 44 Mich State Bar J, 10 July 1965; Davis, K. C., *Administrative Law,* 382–389 (1972).

Likewise appellant has not set forth sufficient evidence of prejudgment on the part of the Civil Service Commission to allow him to immediately proceed to circuit court. The fact that the Commission would not stay appellant's transfer does not indicate that it already reached a decision on the merits of appellant's case. *Norman v Board of Examiners of Barbers,* 364 Mich 360; 111 NW2d 48 (1961).

[2] A previous hearing was conducted before Professor Arthur Neef on July 19, 1972. After objection by appellant, the circuit court ordered a new hearing. In its "Opinion and Order Affirming Hearing Officer" filed January 8, 1973, the circuit court reviewed only the record made before hearing officer Haber. Since appellees had an opportunity to fully establish their arguments at the second hearing,

was held on August 11 and 14, 1972. Following the hearing the parties submitted briefs to the hearing officer and on October 7, 1972 Dr. Haber rendered his report upholding the transfer. The entire record of the hearing was then brought back to the trial court for review and final disposition. On January 8, 1973, the trial court filed its "Opinion and Order Affirming Hearing Officer". The Court of Appeals denied leave to appeal and this Court subsequently granted leave. 389 Mich 792 (1973).

The central issue raised in this appeal is whether the lateral transfer of appellant Hardy to the position of Coordinator of Manpower Planning and Employee Benefits was, in fact, a demotion. If the transfer was a demotion, the record clearly indicates that it was not accomplished in conformity with the published rules of the Civil Service Commission and therefore must be vacated. If the transfer was not a demotion, the record does not indicate that appellant has suffered any injury that can be redressed by this Court.[3]

Section 27 of the Rules of the Michigan Civil Service Commission (February, 1972) sets forth a definition of demotion and the conditions and procedures under which a demotion may be accomplished. Section 27.1 defines demotion as:

"A demotion is defined as a transfer of a status employee from a position which he occupies in one class

we find no error in the circuit court's decision to review only the second hearing. We also limit our review to the hearing conducted before Dr. Haber.

[3] Transfers may be made on the basis of administrative efficiency. Const 1963, art 11, § 5. The hearing officer concluded that appellant Hardy's transfer was permissible on grounds of administrative efficiency. Assuming for the moment that the transfer was not a demotion, we find sufficient evidence in the record to uphold the determination of the hearing officer that the transfer was for the administrative efficiency of the Department of Civil Service.

to a position in another class at a lower classification level."

Although this definition is not completely clear, it appears that an employee is demoted when he is transferred to a position that carries a lower classification level than the position from which the employee was transferred. A reading of other commission rules indicates that the phrase "at a lower classification level" should be read to modify "position" rather than "employee". See, for example, Rules of the Michigan Civil Service Commission §§ 15, 16 and 17 as contained in the appendix to this opinion. Section 27.1 thus requires a specific determination of the classification of the new position in order to determine if a demotion has occurred.

At the hearing before hearing officer Haber, both sides introduced testimony concerning the proper classification of the position of Coordinator of Manpower Planning and Employee Benefits. On behalf of appellant, a former Chief of Certification and Recruitment for the Department of Civil Service, Joseph F. Corcoran, and the immediate past State Personnel Director, Franklin K. DeWald, both testified they considered the position to be a level 15 or 16 position. In addition, John Hueni, the present Director of Classification and Compensation for the Department of Civil Service stated that unless the responsibilities of the position were developed in the future, he thought the proper classification would fall between level 16 and 17.

Appellee, Sidney Singer, stated that it was his intention to create the new position at the same classification level held by Hardy as Director of

Communications and Recruitment.[4] Singer also advanced the argument in his brief before the hearing officer that under the rules of the Civil Service Commission, the State Personnel Director may set the classification of a new position at the level he deems proper. See Rules 15.1, 15.2 and 16.3.

The hearing officer was apparently persuaded by this latter argument advanced by appellee Singer. While finding that the two positions "are in effect really not comparable", the hearing officer read the Civil Service Commission Rules to clearly grant the State Personnel Director the right to set the classification of the new position at level 18. The hearing officer therefore accepted appellees' contention that the new position was properly classified at level 18 and concluded that appellant had not been demoted.

The hearing officer, in our opinion, erroneously reduced the scope of his own fact-finding authority by basing his conclusion on the premise that the State Personnel Director had the authority to determine the classification level of a position. Certainly, in the first instance, the State Personnel Director does have such authority. However, the

---

[4] Mr. Singer testified that independently of the present dispute, the Department of Civil Service had undertaken a review of the classification level of all positions in the department. That review revealed that appellant's former position of Director of Communications and Recruitment was improperly classified at level 18. The position, according to the review, merited only a level 17 classification. Mr. Singer used this information to support his argument that appellant was not transferred to a new position at a lower classification level.

We specifically decline to base our consideration on this portion of Mr. Singer's testimony. If Mr. Hardy's former position were viewed in this appeal as a level 17 rather than a level 18 position, then he, in effect, would have been demoted under Rules 27.1 and 27.2(c) without the procedural safeguards of Rule 27.3. The Civil Service Commission and the State Personnel Director are in the first instance bound to follow their own rules. *Dillon v Lapeer State Home and Training School,* 364 Mich 1, 26; 110 NW2d 588 (1961). (EDWARDS, J., concurring).

final authority to classify a position is vested in the Civil Service Commission.

"The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personnel services, determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service." Const 1963, art 11, § 5.

The hearing officer, as an official fact-finder acting on behalf of the Civil Service Commission should have made a finding of fact on the proper classification level of the new position. The Commission then, of course, would have been able to review this finding of fact and enter its own final determination.

Since a finding of fact on the classification of the position of Coordinator of Manpower Planning and Employee Benefits is necessary to reach any conclusion in this case, a remand for further fact-finding is necessary. In our opinion this matter can best be resolved by a remand to the circuit court with instructions to remand to the Civil Service Commission for a specific finding of fact on the proper classification position of Coordinator of Manpower Planning and Employee Benefits. This finding of fact may be based, in whole or in part, on the record already made before hearing officer Haber.

If the new position is found to be at a lower classification than level 18, it is our opinion that appellant was, in fact, improperly demoted. The appellees do not contend that appellant falls

within any of the established conditions for demotion under Rule 27 nor have they properly proceeded according to their own rules to effect a demotion.

Accordingly, the circuit court is further ordered to review the classification level of the position of Coordinator of Manpower Planning and Employee Benefits determined by the Civil Service Commission on remand. If that position is classified lower than level 18, the circuit court is directed to issue an order to the Civil Service Commission and the State Personnel Director requiring that, within 60 days after the date of said order, appellant be restored to his former position of Director of Communications and Recruitment or that alternately, the position of Coordinator of Manpower Planning and Employee Benefits be developed so that it is properly a level 18 position. The circuit court shall retain jurisdiction until the parties have fully complied with its order.

No other errors having been found in the determination of the hearing officer, this case is remanded to the circuit court for further proceedings in conformity with this opinion.

Costs to appellant.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with SWAINSON, J.

*APPENDIX*

Rules of the Michigan Civil Service Commission (February, 1972)

* * *

Section 15
Classifications of Positions
15.1 Classification plan—The official classification

plan for all positions in the state civil service shall be as provided by the titles of classes shown in the currently approved schedule, and may be amended by the commission upon the recommendation of the state personnel director.

15.2 Allocation of Positions—The state personnel director shall allocate every position in the state civil service to the class and level which he finds to be appropriate. In determining the class and level to which any position should be allocated, consideration shall be given to the general duties, responsibilities, specific tasks, qualifications, relationship to other classes and levels, and any other pertinent allocating factors.

15.3 Review of Allocations—The state personnel director shall provide for a continuing review of all positions in the state civil service for the purpose of adjusting the allocations of all positions where the duties and responsibilities may have materially changed.

\* \* \*

## Section 16
## Positions in State Civil Service

16.1 Establishment—No person shall be appointed to, employed in, or paid for service in any classified position in the state civil service until the position has been established and allocated.

16.2 Establishment List—An establishment list shall be maintained by the state personnel director for each organization unit showing by classes the positions that have been established.

16.3 Procedure in Establishment of Positions—An appointing authority may create a position for reasons of administrative efficiency. The state personnel director shall be given prior notice of

the creation of each position so that it may be duly established and allocated.

\* \* \*

## Section 17
## Compensation of Employees

17.1 Compensation Schedule—The commission shall establish and approve a compensation schedule covering all positions in the state civil service, and compensation paid all employees in the state civil service shall be in accordance with such schedule.

\* \* \*

17.3 Operation of Schedule—No employee in the state civil service shall be paid a salary less than the minimum nor greater than the maximum of the salary range for the class as fixed by the compensation schedule except that the state personnel director may order that any employee retained in a position reallocated to a class having a lower pay range be paid his existing salary until the maximum of the new class equals or exceeds the maximum of his previous class.

\* \* \*

17.3b When an employee is transferred or reinstated to a position, he may be paid at the salary step which he last received or at a rate lower as agreed upon by the appointing authority and the state personnel director. When an employee is appointed from a layoff list he shall be paid at the salary step which he last received.

17.3c In case of a revision in the compensation schedule, an employee shall be paid at the salary step corresponding in length of service to the step at which he was being paid in the previous salary range for the class.

17.3d When the position of an employee is reallo-

cated upward or an employee is promoted, he shall be paid at the lowest salary step in the range for the higher class which provides a salary increase which is not less than the difference between the minimum and the first step in the range for the lower class involved.

17.3e When the position of an employee is reallocated downward, or when an employee is demoted, he shall be paid at the rate for the lower class appropriate for his length of combined creditable service in such lower class and in all higher level classes.

17.3f When the position of an employee is reallocated to another class at the same level, or he receives an intra-departmental transfer, he shall be paid at the lowest salary step in the range for the new class which reflects no salary decrease, if possible.

\* \* \*

Section 27
Demotion

27.1 Definition—A demotion is defined as a transfer of a status employee from a position which he occupies in one class to a position in another class at a lower classification level.

27.2 Conditions—A demotion may be made under any of the following conditions:

27.2a When an employee is not rendering satisfactory service in the position he holds.

27.2b When an employee's service is terminated by certification following an appointment by promotion.

27.2c When the position is reallocated downward.

27.2d When requested by the employee and approved by the appointing authority.

27.2e When the position occupied by the employee

is discontinued because of lack of work or lack of funds. (Section 21)

27.2f When the employee is displaced by the return to duty of another employee entitled to the position. (Section 21)

27.2g When the employee is displaced by another employee with more seniority during a reduction in force. (Section 21).

27.3 Procedure—An appointing authority shall give 15 calendar days prior written notice to the state personnel director and to the employee concerned of his intention to make the demotion, giving specific reasons. The state personnel director shall approve or disapprove the eligibility of the employee to transfer to a position in the class and level proposed.

\*    \*    \*

Section 33
Appeals
(This section not effective until 4-3-72.)

33.1 Civil Service Grievance Procedure—There shall be a system of employee grievance procedures which shall comply with standards issued by the commission.

33.2 Appeal to Commission—Violation of the constitutional provisions for civil service or of commission rule or regulation and, except as limited by the grievance procedure standards, involuntary separation from employment without just cause or capricious personnel action, may be appealed to the commission by an employee, appointing authority, or citizen.

33.3 Commission May Assume Jurisdiction—Notwithstanding the provisions of the rules and the grievance procedure, the commission reserves authority to assume jurisdiction of any grievance at any time prior to final and binding decision, and to take any appropriate action.