PRUJANSKY v. LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—REVOCATION OF CLASS C LICENSE—FALSE STATEMENT AS TO OWNERSHIP OF BUSINESS—EVIDENCE—HEARSAY.

On appeal from order of circuit court denying certiorari to licensee whose class C license had been revoked by liquor control commission, record *held,* to show ample competent testimony to sustain finding of the commission that licensee had made false and fraudulent statements as to his sole ownership of the business and to justify dismissal of certiorari, notwithstanding some testimony of a hearsay character was also presented to the commission (Act No. 8, § 45, Pub. Acts 1933 [Ex. Sess.]).

2. SAME—REVOCATION OF LICENSE—SUFFICIENCY OF COMPLAINT.

Since the liquor act does not require a recital in the citation or complaint against a licensee thereunder of the testimony which it is expected will be produced at the hearing in support of the complaint, where complaint is in substantial compliance with statutory requirements, licensee's attorney does not demand a more detailed complaint and appellant suffered no prejudice as a result of failure to follow statute literally, order of revocation of license, based on such complaint, will not be disturbed (Act No. 8, §§ 5a, 20, Pub. Acts 1939 [Ex. Sess.], as added and amended by Act No. 133, Pub. Acts 1945).

Appeal from Wayne; Webster (Arthur), J. Submitted June 12, 1946. (Docket No. 31, Calendar No. 43,330.) Decided June 28, 1946.

Certiorari by Herman Prujansky, doing business as Turk's Music Bar, against Michigan Liquor Control Commission and its commissioners to review revocation of plaintiff's license to sell at retail beer,

wine and spirits for consumption on the premises. Writ dismissed. Plaintiff appeals. Affirmed.

*William G. Comb,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Charles M. A. Martin, Ben H. Cole,* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

NORTH, J. Herman Prujansky, plaintiff herein, had issued to him by the Michigan liquor control commission a class C license on May 1, 1945. Under that license he was permitted to conduct business as the sole owner of Turk's Music Bar in Detroit. On January 2, 1946, the commission lodged a violation charge against Prujansky by serving him with a notice which read:

"We are in receipt of a violation report which alleges that you have made false and fraudulent statements to the Michigan liquor control commission for the purpose of inducing the commission to refrain from taking action, by representing yourself to be the sole owner of Turk's Music Bar, located at the above address, and operating under license No. 2742, issued by this commission. This is in violation of your contract with this commission and in violation of Act No. 8, § 45, Pub. Acts 1933 (Ex. Sess.), † * * * of the State of Michigan."

A hearing was had before the three members of the commission, incident to which there were several adjournments and testimony of 17 witnesses taken. At the hearing Prujansky was represented by counsel and contended he was the sole owner of Turk's Music Bar, subject only to a chattel mortgage

† Comp. Laws Supp. 1940, § 9209-60, Stat. Ann. § 18.1016.—RE-PORTER.

to secure a loan made to him by one Lou Bernstein. At the conclusion of the hearing the commission found that Prujansky had made "false and fraudulent statements" as to his sole ownership, and "ordered that the licensee be found guilty, as charged, and that his class 'C' license be immediately revoked."

Plaintiff by certiorari sought review in the circuit court of Wayne county. The return to the writ included a full presentation of the record of the hearing had before the commission. After hearing, the circuit judge dismissed the certiorari proceedings. Plaintiff has appealed. Two questions are presented for review.

"1. Was the order of the commission revoking the license of the appellant based upon substantial, competent evidence?"

Our review of the record fully satisfies us that there was ample competent testimony to sustain the finding of the commission, and to justify dismissal of the certiorari proceedings in the circuit court, so far as this phase of the case was being reviewed. Plaintiff complains that incompetent testimony— hearsay—was submitted before the commission. While there may have been some testimony of that character, it is sufficient to again note: "Even if there be any merit to the claim that there was considerable testimony of a hearsay nature, there was sufficient competent testimony to justify the conclusion reached by the liquor commission." *Case* v. *Liquor Control Commission,* 314 Mich. 632.

The remaining question presented by appellant is as follows:

"2. Was the revocation of the appellant's license by the commission lawful, without compliance by the

commission with the provisions of sections 5a and 20 of the Michigan liquor control act, as amended?"

In his brief appellant quotes the statutory provisions just above referred to. We have already disposed of appellant's complaint that some hearsay testimony was received at his hearing. Aside from the provision that "no hearsay testimony shall be admissible," the pertinent portion of the statutory provisions upon which appellant relies read:

"A statement of the facts may be requested by either the commission or the licensee. The complaint filed with the board shall specify the date of the alleged offense, the names of the witnesses, and any other facts that may be in issue at the hearing." Act No. 8, § 5a, Pub. Acts 1933 (Ex. Sess.), as added by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–20a, Stat. Ann. 1945 Cum. Supp. § 18.975 [1]).

"The commission shall have the right and power to suspend or revoke, and any commissioner designated by the chairman shall, *upon due notice and proper hearing,* have the right and power to suspend or revoke any license upon a violation of any of the provisions of this act, or any of the rules and regulations adopted by the commission hereunder." Act No. 8, § 20, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–35, Stat. Ann. 1945 Cum. Supp. § 18.991).

The record before us discloses the following:

"At the opening of the hearing (before the commission), an objection was made by the attorney for the licensee, to the effect that the citation or complaint was not sufficient to apprise the licensee of what he was required to answer; that the complaint should be more specific, giving the statement made, when and where it was made, and the action, if any,

the commission was induced to take, based upon that statement.''

So far as disclosed by the record the attorney did not demand a more detailed complaint, nor is it now claimed that defects in the complaint deprived appellant of a full and fair hearing. Instead appellant's contention is that since there was failure of detailed compliance with the statutory requirements above noted the hearing before the commission was not ''lawful.'' The statute does not require recital in the citation or complaint of the testimony which it is expected will be produced at the hearing in support of the complaint. In the instant case there was substantial compliance with the statutory requirements to which appellant's objection pertains; and the record discloses that appellant suffered no prejudice resulting from failure to literally follow the provisions of the quoted statute.

The order entered in the circuit court dismissing the certiorari proceedings is affirmed, with costs to appellees.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and STARR, JJ., concurred.