FOX *v.* LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—REVOCATION OF LICENSES—CERTIORARI.
    The right of review of action by the liquor control commission in revoking a liquor license is limited to certiorari (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945).

2. SAME—LICENSES—REVOCATION BY COMMISSION—HEARING.
    Where, at time of hearing on violation of liquor control act by a licensee thereunder the board of hearing examiners, provided

for·by an amendatory act, had not·yet been appointed, power to revoke licenses continued in the liquor control commission and where a full hearing on the violation was accorded the licensee, his license was not summarily revoked, as claimed (Act No. 8, §§ 5a, 35, Pub. Acts 1933 [Ex. Sess.], as added and amended by Act No. 133, Pub. Acts 1945).

3. SAME—REVOCATION OF LICENSE—HEARING.

Licensee under liquor control act who was served with a written notice of alleged violation of the act by his obtaining license solely in his own name when as a matter of fact ·it was obtained for himself and another, as copartners; who was served with a subpoena informing him to appear at a specified hearing relative to his obtaining a license under such circumstances; who was represented by counsel at hearing before single commissioner as well as full commission *held*, to have been accorded a full and fair hearing in the matter (Act No. 8, §§ 5a, 20, 35, Pub. Acts 1933 [Ex. Sess.], as added and amended by Act No. 133, Pub. Acts 1945).

4. SAME—LICENSES—BONDS—SEARCHES AND SEIZURES—EVIDENCE.

Where, as a condition of securing liquor license, applicant furnished a bond permitting search of premises at any time of day or night and authorizing seizure of evidence of a violation of any law of the State without a warrant and agreeing to its use in any proceeding before a court or the liquor control commission, evidence obtained by a search of the premises by representatives of the commission without a warrant was not unlawfully or illegally obtained in violation of licensee's constitutional rights. (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

5. CERTIORARI—QUESTIONS REVIEWABLE.

On certiorari there is review of questions of law only.

6. INTOXICATING LIQUORS—CERTIORARI—RETURN—RIGHT TO TAKE TESTIMONY.

Return of liquor control commission to writ in certiorari to review action of commission revoking a liquor license *held*, full and adequate and gave licensee no right to have testimony taken in circuit court as to matter wholly immaterial to commission's right to confront the licensee with an alleged violation and dispose of same on proper hearing (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945).

7. SAME—LICENSES—FRAUD—VIOLATION OF REGULATION AND STATUTE.

Where regulation of liquor control commission prohibited any person from obtaining a license in his name for the use and

benefit of another person whose name does not appear on the license, a licensee who obtained a license in his own name for the benefit of himself and a partner not then eligible to become a licensee, perpetrated a fraud and violated the commission's regulations and the controlling statute and justified commission's revocation of his license (Act No. 8, § 45, Pub. Acts 1933 [Ex. Sess.]; Administrative Code [1944], pp. 435, 437).

8. SAME—REVOCATION OF LICENSE—HEARING BY COMMISSIONER.

Objection that single member of the liquor control commission was not authorized by the chairman of the commission to hold initial hearing on licensee's alleged violation of liquor law *held*, without merit, where statute contains no provision as to whether such authorization shall be in writing or oral and his authority to conduct the hearing was not challenged until appeal to Supreme Court (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945).

9. SAME—LICENSES—VIOLATION—NOTICE—REVOCATION.

Complaint of licensee under liquor law that notice served upon him as to violation report failed to state that proceeding thereby initiated might result in revocation of license *held*, without merit, in absence of requirement of such notice either in the liquor act or rules and regulations of the liquor control commission (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

Appeal from Wayne; Brennan (John V.), J. Submitted October 16, 1947. (Docket No. 8, Calendar No. 43,607.) Decided December 3, 1947.

Certiorari by George T. Fox, doing business as Unique Bar, against Liquor Control Commission of the State of Michigan to review defendant's action in revoking plaintiff's license. Revocation affirmed. Plaintiff appeals. Affirmed.

*Harold Helper* and *Basil Considine,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Charles M. A.*

*Martin* and *Glenn C. Hague,* Assistants Attorney General, for defendant.

NORTH, J. Prior to March, 1946, George T. Fox had a class C license under which he obtained the right to operate a bar in the city of Detroit. On or shortly after March 6, 1946, he received a letter or notification from the Michigan liquor control commission which contained the following: "We are in receipt of a violation report which alleges that a license was obtained by you and in your name for the use and benefit of Steve Kafkas, whose name did not appear on the license. This is in violation of your contract with this commission." In the same letter he was notified to appear at a specified time and place for a hearing on the above alleged violation. The hearing was had before Felix Flynn, a member of the commission. Witnesses were sworn from whose testimony it appears that at the time Fox obtained the license under which the bar was operated he did not obtain it solely for himself but instead through misrepresentation he obtained it for the benefit of himself and Steve Kafkas, as copartners. At the conclusion of the hearing Commissioner Flynn found:

"There was a fraud in connection with the securing of this license by Mr. George T. Fox, who represented himself as being sole owner and the testimony now disclosed Mr. Steve Kafkas was one-half owner in the business."

In consequence of the foregoing the commissioner ordered cancellation of the license held by Fox. He thereupon asked for and had a hearing before the full commission. Fox was represented by an attorney at this hearing as well as at the hearing before Commissioner Flynn. No further testimony was

taken at the hearing before the full commission; and the commission on the record previously made upheld the revocation ordered at the earlier hearing. Fox then filed a petition for certiorari in the circuit court of Wayne county to review the action taken by the commission, alleging in his petition several grounds of review hereinafter noted. In return to the writ the commission filed in the circuit court a reply to the petition for certiorari. After hearing the circuit court affirmed the order of the commission revoking the license formerly issued to Fox and dismissed the certiorari proceedings. Plaintiff Fox has appealed.

At the outset it should be noted that by statute the right of review of a holding of the liquor control commission in a proceeding of this kind is limited to certiorari. Act No. 8, § 20, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–35, Stat. Ann. 1946 Cum. Supp. § 18.991). The same section of the statute provides:

"The commission shall have the right and power to suspend or revoke and any commissioner designated by the chairman shall, upon due notice and proper hearing, have the right and power to suspend or revoke any license upon a violation of any of the provisions of this act or any of the rules and regulations adopted by the commission hereunder."

Appellant sought on certiorari to present to the circuit court and stresses on this appeal the following claims:

1. That the action of the commission in summarily revoking appellant's license was unlawful, arbitrary and unjust because no complaint was filed against appellant and he was not advised of any specific charge against him which would constitute a violation of any law or any regulation of the com-

mission; and therefore he was unable to prepare a proper defense. Appellant's license was not summarily revoked. Instead he was afforded a full hearing. In presenting this phase of his appeal it is appellant's contention that on the hearing before the commission the proceedings should have been technically in accordance with the provisions of Act No. 8, § 5a, Pub. Acts 1933 (Ex. Sess.), as added by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–20a, Stat. Ann. 1946 Cum. Supp. § 18.975[1]). But it is sufficient to note that the procedural provisions in the cited statute pertain only to proceedings before the board of hearing examiners provided for in Act No. 133. At the time of appellant's hearings the governor had not yet appointed a board of hearing examiners; and in the interim the liquor control commission continued to possess the power to hear and determine matters of this character. See *Case* v. *Liquor Control Commission,* 314 Mich. 632; *Shinavier* v. *Liquor Control Commission,* 315 Mich. 188. Appellant was not prejudiced by the commission's failure to comply literally with the statutory procedure which is made applicable only to the board of hearing examiners.

2. There is no merit to appellant's claim that he was denied a fair hearing because he was not served with a copy of a complaint. We have already noted that prior to the hearing before Commissioner Flynn appellant was advised by written notice to appear in response to an alleged violation that he had obtained his license solely in his name when as a matter of fact it was obtained for appellant and Steve Kafkas, as copartners. And further prior to appellant's hearing before the full commission the latter caused a subpoena to be served on Fox which plainly informed him to appear at a specified hearing "relative to obtaining a license for the use and

benefit of a person whose name does not appear on the license, as provided for by Act No. 8, Pub. Acts 1933 (Ex. Sess.), as last amended by Act No. 133, Pub. Acts 1945, and that you bring with you and then and there produce all books, papers, and records in your possession or under your control relating to the matter above referred to.'' We think it quite conclusively appears from this record, as it was also made to appear to the circuit court on the application and return in the certiorari proceedings, that plaintiff, represented by counsel, had every opportunity for a full and fair hearing both before Commissioner Flynn and in the subsequent hearing before the full commission. Appellant's contention to the contrary is without merit.

3. Nor is there any merit to appellant's contention that the action of the commission was based upon evidence unlawfully and illegally obtained in violation of appellant's constitutional rights. In this particular appellant alleged in his petition for certiorari that: ''The commission purported to act upon certain evidence which was unlawfully and illegally obtained by an unreasonable search of plaintiff's premises at 5606 East McNichols Road by representatives of the respondent without a search warrant.'' This contention is not sustained by the record. As a condition of securing his license appellant was required to tender a bond upon which the following appears:

### ''SEARCH AND SEIZURE''

''Agents of the liquor control commission and all law enforcing officers shall have the right to enter, examine, inspect and search, without a search warrant, any time during the twenty-four hours of any day, any and all parts of the licensed premises, and to seize any evidence of a violation of any law of this State and that such evidence may be used in

any trial or proceeding before any court of law or before the liquor control commission."

4. Appellant further asserts that the circuit court erroneously refused to ascertain whether the commission returned a complete record of the proceedings before the commission; and in that connection Fox asserted the right to take testimony in the certiorari proceedings. On certiorari there is review of questions of law only. Further from the return of the liquor control commission in the record it appears that a full and adequate return was made. Appellant has no reason for complaint in that respect. It is a fair inference from the record that in this connection appellant sought to get into the record testimony which he claimed would disclose that prior to his hearing before Commissioner Flynn, Fox had been promised that the commission would approve a sale of his business and a transfer of his license to one Carl Hewitt. In appellant's petition he asserts: "The defendant commission has arbitrarily, unreasonably and unlawfully failed to keep its said promise and agreement and it has failed to approve the said transfer." In its return or answer to the petition for certiorari the commission denied that it had made the above promise, and in any event the alleged promise to transfer the license is wholly immaterial to the right of the commission in its control of alcoholic beverage traffic in this State to confront appellant with the alleged violation and dispose of the same upon proper hearing, which was had.

5. There is no room for argument but that appellant in obtaining his license in his individual capacity rather than for the partnership composed of himself and Kafkas perpetrated a fraud and violated the liquor control commission's rules and

regulations.   Among such rules and regulations is the following:

"No licensee shall sell or transfer his license, or any interest therein, without the consent of the liquor control commission.   Nor shall any person or persons obtain a license in his or their name for the use and benefit of another person whose name does not appear on the license."   Administrative Code (1944), pp. 435, 437.

Further the statute provides:

"Any person who shall make any statement either orally or in writing to the commission for the purpose of inducing the commission to act or for the purpose of inducing the commission to refrain from taking action, which statement is false or fraudulent, and any person who makes any false or fraudulent statement for the purpose of enabling or assisting any person to evade the provisions of this act, shall be guilty of a violation of this act."   Act No. 8, § 45, Pub. Acts 1933 (Ex. Sess.) (Comp. Laws Supp. 1940, § 9209-60, Stat. Ann. § 18.1016).

Further, on appellant's application for his license there appears the following:  "If business is operated by a partnership, all parties in interest must sign application and bond."   And on the bond appellant tendered with his application is this printed notation:   "INSTRUCTIONS:, *  *  *  2.  All copartners must sign the bond."   This record discloses that incident to the investigation made by the commission a statement under oath of Steve Kafkas was taken and on the hearing before Commissioner Flynn, Kafkas testified to the same effect.   We quote from the statement under oath:

"*Q.*  You and George Fox were each investing half?

"*A.* Yes. Equal partners.

"*Q.* And you shared the profits of this Unique Bar since the license was granted as equal partners?

"*A.* That's right.

"*Q.* Why was it that you didn't apply to go on the license along with Fox?

"*A.* I was not eligible at that time. * * *

"*Q.* Has Fox been able to spend any time in the bar?

"*A.* Not very much.

"*Q.* You would do it more or less alone, is that right?

"*A.* That's right, he attends that garage business of his."

There was an abundant showing before the commission to justify its conclusion that Fox, in concealing the true situation and in representing that he was the sole person interested as licensee, perpetrated a fraud which justified revocation of the license.

6. We find no merit to appellant's complaint that neither in the notice served upon him nor in the subsequent proceeding was it made to appear that Commissioner Flynn was authorized by the chairman of the commission to hold the initial hearing. The statute contains no provision as to whether such designation or appointment shall be in writing or oral. Further, appellant did not challenge the authority of Commissioner Flynn at the initial hearing nor did he question it on appeal to the full commission or in the certiorari proceedings in the circuit court. It cannot now be raised for the first time on this appeal. Likewise we find no merit to appellant's complaint that the notice served upon him did not advise him that the proceedings might result in the revocation of his license. There is no provision

for such notice either in the statute or the rules and regulations of the commission.

The holding of the circuit court affirming cancellation by the liquor control commission of the license issued to Fox and dismissing the certiorari proceedings is affirmed, with costs to appellee.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred. Dethmers, J., did not sit.