## DZENCOL *v.* LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—REVOCATION OF LICENSE—FALSE STATEMENT AS TO OWNERSHIP.

    Licensee's repeated claims that he was sole owner of business licensed to sell intoxicating liquor, whereas he had a silent partner who was not a citizen of the State and who was, therefore, not eligible to become a licensee, were false statements made for the purpose of inducing the liquor control commission to grant renewals in violation of the liquor act and justified revocation of license (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945; Administrative Code 1944, p. 435, § 29; p. 437, § 23).

2. SAME—REVOCATION OF LICENSE—FALSE STATEMENT AS TO OWNERSHIP.

    The liquor control commission has the right and power to revoke liquor license for violation of the liquor act where competent evidence shows false statements were repeatedly made as to ownership of business in order to secure renewals of the license by failure to disclose names of co-owners ineligible to become licensees (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945; Administrative Code 1944, p. 435, § 29; p. 437, § 23).

Appeal from Wayne; Chenot (James E.), J. Submitted November 14, 1947. (Docket No. 90, Calendar No. 43,831.)   Decided January 5, 1948.

. Certiorari by Kazmer Dzencol against Liquor Control Commission of the State of Michigan to review proceedings resulting in revocation of plaintiff's liquor license. Revocation affirmed. Plaintiff appeals. Affirmed.

*Buckingham, Piggins & Rehn,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. OHara,* Assistant Attorney General, and *Charles M. A. Martin* and *Glenn C. Hague,* Special Assistants Attorney General, for defendant.

BOYLES, J. In 1937 the appellant was granted a license to sell intoxicating liquor at his place of business known as the Cass Bar in Detroit, renewed annually thereafter until 1946 at which time he was cited before the commision for violation of the liquor control act. It was charged that he was not the sole owner but that he had a partner, although he had represented himself as sole owner in obtaining the subsequent license renewals. At the hearing before the entire commission, plaintiff's license was revoked. On appeal in the nature of certiorari, on March 31, 1947, the order of revocation was affirmed by the circuit court for the county of Wayne. From such order of affirmance, the plaintiff appeals.

Plaintiff admits that one Zigmunt Redko was a silent partner in his business of selling liquor and that the reason why the license renewals were obtained in the sole name of the appellant was because Redko was not a citizen of this State, wherefore Redko could not join in having a license from the defendant commission. The appellant admits having obtained renewals of the license without disclosing the fact that Redko was a co-owner. He ad-

mitted transferring a half interest in the business
to Redko without the consent of the commission,
and to obtaining license renewals in his own name
for the use and benefit of said co-owner. Aside from
the admissions of appellant, Redko readily admitted
that he was a co-owner, that he had been a silent
partner in the business since 1938 without being
included as a licensee because he was not a citizen.
Both the appellant and Redko in filing partnership
income tax returns for 1945 showed appellant's
share of the income $6,050.58 and Redko's share
$6,050.58, and their individual income tax returns
likewise disclosed receipt of income from such part-
nership.

Appellant's claim of sole ownership was a false
statement made for the purpose of inducing the
commission to grant renewals, and a violation of
Act No. 8, § 45, Pub. Acts 1933 (Ex. Sess.) (Comp.
Laws Supp. 1940, § 9209–60, Stat. Ann. § 18.1016).
See, also, Michigan Administrative Code (1944),
§ 29, at p. 435, and § 23, at p. 437. The commission
had the right and the power to revoke appellant's
license for such violation. Act No. 8, § 20, Pub. Acts
1933 (Ex. Sess.), as last amended by Act No. 133,
Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–35,
Stat. Ann. 1946 Cum. Supp. § 18.991). There was
no abuse of discretion in invoking the penalty and
there was ample relevant and competent evidence to
justify the revocation. The case comes within the
decisions of this Court in *Case* v. *Liquor Control
Commission,* 314 Mich. 632; *Prujansky* v. *Liquor
Control Commission,* 315 Mich. 193; *Fox* v. *Liquor
Control Commission, ante,* 347, decided December 3,
1947.

Affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETH-
MERS, BUTZEL, and CARR, JJ., concurred.