SCALLY *v.* LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—REVOCATION OF LICENSES—CERTIORARI.
   The right of review of action by the liquor control commission in revoking a liquor license is limited to certiorari (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945).

2. CERTIORARI—QUESTIONS REVIEWABLE.
   On certiorari there is review of questions of law only.

3. SAME—SUPREME COURT—EVIDENCE.
   On certiorari the Supreme Court reviews the evidence to determine if there is competent evidence to justify the conclusions reached.

4. INTOXICATING LIQUORS—REVOCATION OF LICENSES—SALE FOR CONSUMPTION ON PREMISES—FRAUD—EVIDENCE—VIOLATION OF STATUTE.
   Where it appears in record on certiorari that licensee for sale of intoxicating liquors for consumption on the premises had concealed the fact he was in partnership with another person whose name did not appear in the application for the license and renewals thereof, his license was properly revoked, since there was a false statement made for the purpose of inducing the liquor control commission to act, a violation upon which revocation may be based (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945; § 45; Administrative Code 1944, p. 435, § 29).

Appeal from Wayne; Webster (Arthur), J. Submitted January 16, 1948. (Docket No. 21, Calendar No. 43,843.) Decided February 16, 1948.

Certiorari by Thomas Scally to review order of Liquor Control Commission revoking his license. Order affirmed. Plaintiff appeals. Affirmed.

*Iverson & Allin,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *Charles M. A. Martin* and *Glenn C. Hague,* Special Assistants Attorney General, for defendant.

BUTZEL, J. Plaintiff appeals from an order of the circuit court of Wayne county affirming an order of the liquor control commission revoking his class "C" license to sell beer, wine and spirits on the premises located at 19548 Schoenherr road, Detroit, Michigan.

Plaintiff was charged with the following:

"That the subject licensee made false and fraudulent statements to the commission for the purpose of having a transfer of ownership of a class 'C' license, the subject licensee, transferred to his name, representing himself as the sole owner, whereas in truth and in fact, Peter Pirozzini was an equal owner in violation of Act No. 8, § 45, Pub. Acts 1933 (Ex. Sess.), as amended.

"Subject licensee made false and fraudulent statements in the 1946 application for renewal of class 'C' license wherein he represented himself as the sole owner whereas in truth and in fact Peter Pirozzini was an equal owner in the licensed establishment in violation of Act No. 8, § 45, Pub. Acts 1933 (Ex. Sess.), as amended.

"That the subject licensee did obtain the original license in 1940 and did obtain renewal licenses in 1941–1942–1943–1944 and 1945 and 1946 in his name for the use and benefit of Peter Pirozzini, whose name does not appear on the license in violation of section 29 of the rules and regulations of the liquor control commission governing retail licensees selling alcoholic beverages for consumption on the premises as appears on page 435 of the Michigan Administrative Code for 1944."

A hearing was held on January 16, 1947, before Commissioner Flynn and on March 3, 1947, an order

was entered by Commissioner Flynn revoking plaintiff's license. Plaintiff requested a hearing before the Michigan liquor control commission and on March 27, 1947, the commission affirmed the order of revocation effective April 18, 1947. On April 29, 1947, plaintiff filed a petition for certiorari in the circuit court of Wayne county. On July 11, 1947, the circuit court affirmed the order of the liquor commission. Plaintiff has appealed to the Supreme Court.

The right of review of a holding of the liquor control commission in a proceeding to revoke a license is limited to certiorari.* See *Fox* v. *Liquor Control Commission*, 319 Mich. 347.

Plaintiff testified that he purchased the liquor business from Peter Pirozzini on September 12, 1940, under a contract for a consideration of $2,500; and that he hired Pirozzini to work for him and to be paid by an equal division of the net profits of the business. However, there was evidence that plaintiff, Scally, and Pirozzini filed individual income tax returns and each reported under the column "income or loss from partnerships" income received by each as his share of the profits from the liquor business; that insurance policies were taken out in the name of Scally and Pirozzini; that Pirozzini had a five-year lease of the premises that was not transferred to plaintiff, nor did plaintiff notify the lessor named in the lease that he, plaintiff, had taken over the lease; that plaintiff is in the trucking business and has never spent much time in the establishment; and that Pirozzini has always supervised the operation of the business.

On certiorari there is review of questions of law only. We only review the evidence to determine if

---

* See Act No. 8, § 20, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–35, Stat. Ann. 1947 Cum. Supp. § 18.991).—REPORTER.

there is competent evidence to justify the conclusions reached.  See *Case* v. *Liquor Control Commission,* 314 Mich. 632.

The liquor control act, Act No. 8, § 20, Pub. Acts 1933 (Ex. Sess.), as last amended by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–35, Stat. Ann. 1947 Cum. Supp. § 18.991), authorizes the commission or any designated commissioner to revoke a license "upon a violation of any of the provisions of this act or any of the rules and regulations adopted by the commission hereunder."

Plaintiff was charged with a violation of Act No. 8, § 45, Pub. Acts 1933 (Ex. Sess.) (Comp. Laws Supp. 1940, § 9209–60, Stat. Ann. § 18.1016):

"Any person who shall make any statement either orally or in writing to the commission for the purpose of inducing the commission to act or for the purpose of inducing the commission to refrain from taking action, which statement is false or fraudulent, and any person who makes a false or fraudulent statement for the purpose of enabling or assisting any person to evade the provisions of this act, shall be guilty of a violation of this act."

A review of the evidence convinces us that the commissioner who revoked the license and the commission in ratifying such action had competent evidence to support the conclusion that plaintiff in making an application for a license concealed the fact that he was in partnership with Pirozzini.

The holding of the circuit court affirming cancellation by the liquor control commission of the license issued to plaintiff and dismissing the certiorari proceedings is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.