### TRIANTAFILLOU *v.* LIQUOR CONTROL COMMISSION.

1. Intoxicating Liquors—Sales to Minors—Suspension of License.

Where it is undisputed that class C liquor licensee sold intoxicating liquor to a minor who was not asked his age nor to produce a card showing his age and licensee was given due notice of proceeding before the liquor control commission in which such violation was charged, the commission's finding that the liquor law had been violated was supported by evidence (Act No. 8, § 33, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

2. Same—Suspension of License—Violation of Statute—Sale to Minor.

The liquor control commission acted within the scope of its authority in suspending a class C liquor license for a period of 30 days where undisputed evidence before it showed licensee

---

References for Points in Headnotes
[1] 30 Am. Jur., Intoxicating Liquors, § 322 *et seq.*

had sold liquor to a minor (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945; § 33, as amended by Act No. 281, Pub. Acts 1937).

3. SAME—LIQUOR CONTROL COMMISSION—SUSPENSION OF LICENSE—
CIRCUIT COURT.

Where there was no showing that would sustain a finding that the liquor control commission had abused its discretion or acted capriciously, fraudulently or illegally in suspending a class C liquor license for period of 30 days after finding licensee had sold liquor to a minor, a circuit judge was in error in undertaking to substitute his judgment, on review by certiorari, for that of the commission by limiting duration of suspension to 5 days (Act No. 8, § 20, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 133, Pub. Acts 1945; § 33, as amended by Act No. 281, Pub. Acts 1937).

Appeal from Saginaw; O'Neill (James E.), J. Submitted October 13, 1948. (Docket No. 48, Calendar No. 44,034.) Decided November 12, 1948. Rehearing denied December 17, 1948.

Certiorari by Thomas Triantafillou, doing business as Triant's Bar, against Michigan Liquor Control Commission to review order suspending his license for 30 days. Ordered reversed and license ordered suspended for 5 days. Defendant appeals. Reversed and remanded for dismissal of certiorari.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Charles M. A. Martin,* Assistants Attorney General, for defendant.

REID, J.   Plaintiff filed a petition in the circuit court for the county of Saginaw for a writ of certiorari to review the action of defendant liquor control commission in revoking (for sale of intoxicating liquor to a minor) for 30 days the class C license granted plaintiff by defendant.   In the petition plaintiff claimed that the minor to whom the intoxicating liquor was served was of an appearance in-

dicating that he was above the age of 21 years and none of plaintiff's employees had even a suspicion that he was under the age of 21; that the suspension was excessive in view of the fact that plaintiff was not charged with willful violation and further, that the testimony showed that no intentional violation occurred; further, that the suspension for 30 days was discriminatory, palpably arbitrary and an abuse of discretion to such an extent as to constitute a deprivation of plaintiff's right to the equal protection of the law.

Plaintiff was given due notice of the proceeding before the commission, in which he was charged with selling alcoholic beverages to a minor, in violation of section 33 of the liquor control act, Act. No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-48, Stat. Ann. 1947 Cum. Supp. § 18.1004), and plaintiff was represented by his attorney at the trial.

The undisputed facts disclose that the plaintiff's bartender sold whisky and beer to Junior Steve Michalak, a minor of the age of 18 years, to the amount of 2 whiskies and 2 or 3 beers, and that Michalak was not asked his age nor asked to produce a card showing his age. Michalak's testimony as to those facts was corroborated by Ellis, the bartender, and by Helen Amsdon and Catherine Zukowski, who were waitresses at plaintiff's bar. The testimony of the bartender and of the two waitresses was further to the effect that Michalak seemed to be above the age of 21. Plaintiff does not deny serving the minor intoxicating liquor.

The trial court in deciding the matter stated:

"It appearing to this court that * * * the defendant commission abused the discretion vested in it by the law of this State * * * and that the evidence submitted to said commission upon which such

order of suspension was predicated was not sufficient to invoke the penalty of a 30-day suspension, and it appearing to this court that the record of proceedings before the defendant commission indicates an arbitrary manner on the part of the commissioner who first heard this case, and this court also finding that the penalty imposed is excessive and arbitrary;

"It is therefore ordered that the order of the Michigan liquor control commission, defendant herein, suspending plaintiff's class C liquor license for a period of 30 days, issued January 21, 1947, to be effective February 3, 1947, is hereby revoked and set aside.

"It is further ordered that the said defendant commission reconsider its findings and determination in said matter and impose the penalty of a suspension of plaintiff's license for such period as it shall, in its proper exercise of discretion under said law, determine to be appropriate, but not to exceed a period of 5 days."

The record clearly discloses that there was sufficient testimony to support the finding by the commission that plaintiff violated the statute (Act No. 8, § 33, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 9209–48, Stat. Ann. 1947 Cum. Supp. § 18.-1004]) by the sale of intoxicating liquor to a minor. The commission was, also, clearly within the scope of its authority in ordering a suspension of the license for 30 days. See Act No. 8, § 20, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–35, Stat. Ann. 1947 Cum. Supp. § 18.991). There was no showing that would sustain a finding that the defendant commission abused its discretion or acted capriciously, fraudulently or illegally. The trial judge was in error under the undisputed facts in

this case in undertaking to substitute his judgment for that of the commission.

For recent cases in which we have considered certiorari proceedings under the liquor control act, see *Case* v. *Liquor Control Commission*, 314 Mich. 632; *Slezenger* v. *Liquor Control Commission*, 314 Mich. 644; *Shinavier* v. *Liquor Control Commission*, 315 Mich. 188; *Prujansky* v. *Liquor Control Commission*, 315 Mich. 193; *Tift* v. *Liquor Control Commission*, 315 Mich. 198; *Dzencol* v. *Liquor Control Commission*, 319 Mich. 541; and *Scally* v. *Liquor Control Commission*, 320 Mich. 188.

The judgment of the circuit court appealed from is reversed. The case is remanded to the trial court with instructions to enter an order dismissing the certiorari proceedings. Costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.