KELLY v LIQUOR CONTROL COMMISSION

Docket No. 66219. Submitted November 2, 1983, at Grand Rapids.—
Decided December 27, 1983.

James J. Kelly, doing business as Kelly's Pub, was found by the
Liquor Control Commission to have served alcoholic beverages
to a minor. The commission suspended Kelly's liquor license for
seven days and imposed a fine. Kelly sought review of the
commission's decision in the Allegan Circuit Court, which
upheld the commission, denying Kelly's requests for interroga-
tories and for an order of superintending control, George R.
Corsiglia, J. Kelly appealed, alleging that the commission's
decision was not supported by competent, material, and sub-
stantial evidence, that the circuit court erred in denying an
order of superintending control, and that the commission's
rules of appellate procedure violate the statute authorizing the
commission to make such rules. *Held:*

1. The evidence presented at the commission hearing was
sufficient to support the finding of the hearing officer, giving
deference to the officer's opportunity to hear the testimony and
view the witnesses.

2. The penalty imposed was well within the authority of the
commission and was not an abuse of the commission's discre-
tion. The circuit court did not err in denying the request for
superintending control in relation to the plaintiff's request for
discovery regarding the penalty imposed.

3. The commission rules for appellate procedure do not
conflict with the statute authorizing such rules.

Affirmed.

1. ADMINISTRATIVE LAW — LIQUOR CONTROL COMMISSION — EVIDENCE.
A decision of the Liquor Control Commission suspending a licens-

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 688-691.
[1, 4] 45 Am Jur 2d, Intoxicating Liquors § 189.
[2] 2 Am Jur 2d, Administrative Law § 657.
[3] 20 Am Jur 2d, Courts § 111 *et seq.*
[5] 2 Am Jur 2d, Administrative Law § 697.
   45 Am Jur 2d, Intoxicating Liquors § 191.

ee's liquor license must be supported by competent, material, and substantial evidence on the whole record; "substantial evidence" must be more than a mere scintilla of evidence but may be substantially less than the preponderance of evidence necessary for many civil cases.

2. ADMINISTRATIVE LAW — REVIEW.

A reviewing court gives great deference to the findings of an administrative officer sitting as the trier of fact.

3. SUPERINTENDING CONTROL — REVIEW.

The purpose of an order of superintending control is to permit a higher court to review the actions of a lower tribunal (GCR 1963, 711).

4. LICENSES — LIQUOR CONTROL COMMISSION — SUSPENSION OF LIQUOR LICENSE.

The Liquor Control Commission is allowed a significant degree of discretion in acting within the scope of its authority to suspend or revoke a liquor license.

5. ADMINISTRATIVE LAW — LIQUOR CONTROL COMMISSION — APPEAL — ADMINISTRATIVE RULES.

The Liquor Control Commission's rule which limits appeal hearings to the record created below does not conflict with the statute which vests the commission with the authority to regulate its own appeals procedure (MCL 436.20; MSA 18.991; 1979 AC, R 436.1921[1]).

*Burnett, Kastran & Stone* (by *James D. Stone*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank J. Pipp* and *Larry F. Brya,* Assistants Attorney General, for defendant.

Before: MACKENZIE, P.J., and J. H. GILLIS and T. C. MEGARGLE,* JJ.

PER CURIAM. Plaintiff was found by defendant to have served alcoholic beverages to a minor. Plain-

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff appeals by right from two orders denying his request for interrogatories and an order of superintending control. Defendant commission suspended plaintiff's liquor license for a period of seven days and assessed costs of $19.50, and the circuit court has stayed enforcement of defendant's decision pending review by this Court.

Plaintiff first argues that the decision of the commission was not supported by competent, material, and substantial evidence on the whole record. Although "substantial evidence" must be more than a mere scintilla of evidence, it may be substantially less than the preponderance of the evidence necessary for many civil cases. *Russo v Dep't of Licensing & Regulation,* 119 Mich App 624, 631; 326 NW2d 583 (1982). Great deference is given to the findings of an administrative hearing officer or other administrative officer sitting as the trier of fact. *Id.* Since the evidence in this case resulted in what was largely a credibility battle between the witnesses, we must give deference to the judgment of the hearing commissioner, who had the opportunity to hear the testimony and view the witnesses. There is no doubt that the complainant, Penny Sue Hibbard, was competent to testify and that her testimony, if believed, would support defendant's ruling. See, for example, *Saksey's Lounge, Inc v Liquor Control Comm,* 29 Mich App 656, 658-659; 185 NW2d 840 (1971).

Plaintiff next asserts that the trial court erred in denying his request for an order of superintending control pursuant to GCR 1963, 711. Plaintiff had requested that defendant answer interrogatories for the purpose of showing that the penalties imposed upon plaintiff by defendant were arbitrary, capricious, and more strict than others given to first-time offenders. Plaintiff's request for discovery was denied by the trial court.

The purpose of an order of superintending control is to permit a higher court to review the actions of a lower tribunal. The constitution, Const 1963, art 4, § 40, vests the commission, subject to legislatively imposed limitations, with complete control of the alcoholic beverage traffic within the state. Since the Legislature has declined to impose limits on the commission in revoking or suspending a license, this Court has allowed a significant degree of discretion to that agency when it is acting within the scope of this authority. See *Mallchok v Liquor Control Comm,* 72 Mich App 341; 249 NW2d 415 (1976). The penalty imposed in the instant case—a seven-day suspension of plaintiff's liquor license plus costs of $19.50—was well within the authority of the commission and was not an abuse of discretion. *Ron's Last Chance, Inc v Liquor Control Comm,* 124 Mich App 179; 333 NW2d 502 (1983); *Triantafillou v Liquor Control Comm,* 322 Mich 670, 673-674; 34 NW2d 471 (1948). We find no error in the denial of the order of superintending control.

Finally, plaintiff claims that defendant's rules of appellate procedure violate MCL 436.20; MSA 18.991. This issue is without merit. MCL 436.20; MSA 18.991 provides: "The commission after reviewing the record made before the commissioner or examiner may allow or refuse to allow the hearing in accordance with the commission's rules and regulations." 1979 AC, R 436.1921(1) limits appeal hearings to the record created below. Since the Legislature clearly indicated an intent to allow the commission to regulate its own appeals procedure, this rule is proper. Further, there is no conflict between the rules and MCL 436.20; MSA 18.991. This section provides only that the commission "shall provide the procedure by which any

licensee feeling aggrieved by any such suspension or revocation and/or penalty ordered by the commission or a commissioner may request a hearing for the purpose of laying any facts or reasons before said commission why said suspension or revocation and/or penalty should be modified or rescinded". MCL 436.20; MSA 18.991. A review of the Administrative Code discloses that the commission has done this.

Affirmed.